# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

**DANIEL L MARSH**,

      Plaintiff,

v.

**EXPERIAN INFORMATION SOLUTIONS INC,
EQUIFAX INFORMATION SERVICES LLC, AND
TRANS UNION LLC**,

      Defendants.

_____/

## COMPLAINT

Plaintiff Daniel L Marsh ("Plaintiff") sues Defendant Experian Information Solutions Inc, Defendant Equifax Information Services LLC, and Defendant Trans Union LLC for violations of the Fair Credit Reporting Act ("FCRA").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

**PARTIES**

3.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Brevard County, Florida.

4.      Defendant Experian Information Solutions Inc ("Experian") is an Ohio corporation with its principal place of business located in Costa Mesa, California.

5.      Defendant Equifax Information Services LLC ("Equifax") is a Georgia limited liability company with its principal place of business located in Atlanta, Georgia.

6.      Defendant Trans Union LLC ("Trans Union") is a Delaware limited liability company with its principal place of business located in Chicago, Illinois.

**DEMAND FOR JURY TRIAL**

7.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

**ALLEGATIONS**

8.      This action relates to false, incomplete, and inaccurate information on Plaintiff's credit reports that the Defendants allowed to persist to despite their obligations under the FCRA.

9.      On a date better known by Defendants, Defense Finance and Accounting Service, Exeter Finance, Capital One Auto Finance, and Caine &

Weiner, began reporting false and inaccurate information regarding accounts (the "Subject Information") associated with Plaintiff to the credit reporting agencies.

10. The Subject Information, as reported on Plaintiff's credit reports, is erroneous, incomplete and inaccurate because it is the subject of fraud, and, as such, requires correction. In particular, among other issues, the Subject Information is erroneous because the accounts were opened without Plaintiff's knowledge or consent. As such, to achieve the necessary correction, Plaintiff disputed the Subject Information with the national credit bureaus.

11. As set forth below, Plaintiff sent written disputes to Experian, Equifax, and Trans Union (the "CRAs").

12. Despite receiving Plaintiff's dispute, the CRAs failed to timely conduct a reasonable investigation into the Subject Information and, as a result, allowed false, inaccurate, and incomplete information to persist on Plaintiff's credit reports.

13. Despite failing to conduct an independent, reasonable investigation into Plaintiff's initial dispute, Plaintiff continued disputing the Subject Information with the CRAs in an attempt to excuse failures. However, the CRAs continued to allow false, inaccurate, and incomplete information to persist on Plaintiff's credit reports.

## EXPERIAN

14. Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

15. Experian regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

16. Experian is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports," which it provides to third parties.

17. On August 8, 2025, Plaintiff sent Experian a written dispute regarding the Subject Information, whereby Plaintiff stated, in relevant part, that he was disputing the Subject Information on his credit report because it is inaccurate and fraudulent.

18. Experian received the dispute sent by Plaintiff on August 8, 2025 and transmitted it to Defense Finance and Accounting Service, Exeter Finance, Capital One Auto Finance, and Caine & Weiner.

19. As part of the dispute, Plaintiff provided a copy of his driver's license, Verizon bill with mailing address, and an FTC Identity Theft Report.

20. Despite receiving the dispute sent by Plaintiff on August 8, 2025, Experian failed to conduct any investigation into the accuracy of Plaintiff's credit report.

21. Despite receiving the dispute sent by Plaintiff on August 8, 2025, Experian continued to report incomplete and inaccurate information disputed by Plaintiff.

22. Despite receiving the dispute sent by Plaintiff on August 8, 2025, Experian continued to report the Subject Information inaccurately.

23. Despite receiving the dispute sent by Plaintiff on August 8, 2025, Experian failed to provide Plaintiff with a copy of Plaintiff's credit report.

24. Despite receiving the dispute sent by Plaintiff on August 8, 2025, Experian failed to notify Plaintiff that it deemed the dispute irrelevant and/or frivolous.

25. Continuing to report Plaintiff's information inaccurately is significant. By continuing to report Plaintiff's information inaccurately, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

26. Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

27. Experian failed to conduct a reasonable investigation into Plaintiff's disputes.

28. Experian failed to review and consider all relevant information submitted by Plaintiff.

29. Experian failed to conduct an independent investigation and, instead, deferred to underlying furnishers despite the information Plaintiff provided to it (Experian).

30. Experian did not conduct any independent investigation after it (Experian) received Plaintiff's disputes and, instead, chose to parrot the information it (Experian) received from the underlying furnishers despite being in possession of evidence that the information was inaccurate and otherwise incomplete.

31. Experian possessed evidence that the information was inaccurate and otherwise incomplete as described by Plaintiff; however, Experian failed to correct the information.

32. Experian's reporting of inaccurate information, namely, the Subject Information, despite evidence that said information is inaccurate, evidences Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

33. Without any explanation or reason, Experian continues to report this false, inaccurate, or otherwise incomplete information about Plaintiff.

34. Plaintiff has suffered damages as a result of the incorrect reporting and Experian's failure to correct the credit report pertaining to Plaintiff.

**EQUIFAX**

35.    Equifax is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

36.    Equifax regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

37.    Equifax is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports," which it provides to third parties.

38.    On August 8, 2025, Plaintiff sent Equifax a written dispute regarding the Subject Information, whereby Plaintiff stated, in relevant part, that he was disputing the Subject Information on his credit report because it is inaccurate and fraudulent.

39.    Equifax received the dispute sent by Plaintiff on August 8, 2025 and transmitted it to Defense Finance and Accounting Service, Exeter Finance, Capital One Auto Finance, and Caine & Weiner.

40.    As part of the dispute, Plaintiff provided a copy of his driver's license, Verizon bill with mailing address, and an FTC Identity Theft Report.

41. Despite receiving the dispute sent by Plaintiff on August 8, 2025, Equifax failed to conduct any investigation into the accuracy of Plaintiff's credit report.

42. Despite receiving the dispute sent by Plaintiff on August 8, 2025, Equifax continued to report incomplete and inaccurate information disputed by Plaintiff.

43. Despite receiving the dispute sent by Plaintiff on August 8, 2025, Equifax continued to report the Subject Information inaccurately.

44. Despite receiving the dispute sent by Plaintiff on August 8, 2025, Equifax failed to provide Plaintiff with a copy of Plaintiff's credit report.

45. Despite receiving the dispute sent by Plaintiff on August 8, 2025, Equifax failed to notify Plaintiff that it deemed the dispute irrelevant and/or frivolous.

46. Continuing to report Plaintiff's information inaccurately is significant. By continuing to report Plaintiff's information inaccurately, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

47. Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

48.    Equifax failed to conduct a reasonable investigation into Plaintiff's disputes.

49.    Equifax failed to review and consider all relevant information submitted by Plaintiff.

50.    Equifax failed to conduct an independent investigation and, instead, deferred to underlying furnishers despite the information Plaintiff provided to it (Equifax).

51.    Equifax did not conduct any independent investigation after it (Equifax) received Plaintiff's disputes and, instead, chose to parrot the information it (Equifax) received from the underlying furnishers despite being in possession of evidence that the information was inaccurate and otherwise incomplete.

52.    Equifax possessed evidence that the information was inaccurate and otherwise incomplete as described by Plaintiff; however, Equifax failed to correct the information.

53.    Equifax's reporting of inaccurate information, namely, the Subject Information, despite evidence that said information is inaccurate, evidences Equifax's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

54.    Without any explanation or reason, Equifax continues to report this false, inaccurate, or otherwise incomplete information about Plaintiff.

55.    Plaintiff has suffered damages as a result of the incorrect reporting and Equifax's failure to correct the credit report pertaining to Plaintiff.

## TRANS UNION

56.    Trans Union is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

57.    Trans Union regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

58.    Trans Union is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports," which it provides to third parties.

59.    On August 8, 2025, Plaintiff sent Trans Union a written dispute regarding the Subject Information, whereby Plaintiff stated, in relevant part, that he was disputing the Subject Information on his credit report because it is inaccurate and fraudulent.

60.    Trans Union received the dispute sent by Plaintiff on August 8, 2025 and transmitted it to Defense Finance and Accounting Service, Exeter Finance, Capital One Auto Finance, and Caine & Weiner.

61.    As part of the dispute, Plaintiff provided a copy of his driver's license, Verizon bill with mailing address, and an FTC Identity Theft Report.

62. Despite receiving the dispute sent by Plaintiff on August 8, 2025, Trans Union failed to conduct any investigation into the accuracy of Plaintiff's credit report.

63. Despite receiving the dispute sent by Plaintiff on August 8, 2025, Trans Union continued to report incomplete and inaccurate information disputed by Plaintiff.

64. Despite receiving the dispute sent by Plaintiff on August 8, 2025, Trans Union continued to report the Subject Information inaccurately.

65. Despite receiving the dispute sent by Plaintiff on August 8, 2025, Trans Union failed to provide Plaintiff with a copy of Plaintiff's credit report.

66. Despite receiving the dispute sent by Plaintiff on August 8, 2025, Trans Union failed to notify Plaintiff that it deemed the dispute irrelevant and/or frivolous.

67. Continuing to report Plaintiff's information inaccurately is significant. By continuing to report Plaintiff's information inaccurately, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

68. Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

69.     Trans Union failed to conduct a reasonable investigation into Plaintiff's disputes.

70.     Trans Union failed to review and consider all relevant information submitted by Plaintiff.

71.     Trans Union failed to conduct an independent investigation and, instead, deferred to underlying furnishers despite the information Plaintiff provided to it (Trans Union).

72.     Trans Union did not conduct any independent investigation after it (Trans Union) received Plaintiff's disputes and, instead, chose to parrot the information it (Trans Union) received from the underlying furnishers despite being in possession of evidence that the information was inaccurate and otherwise incomplete.

73.     Trans Union possessed evidence that the information was inaccurate and otherwise incomplete as described by Plaintiff; however, Trans Union failed to correct the information.

74.     Trans Union's reporting of inaccurate information, namely, the Subject Information, despite evidence that said information is inaccurate, evidences Trans Union's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

75.    Without any explanation or reason, Trans Union continues to report this false, inaccurate, or otherwise incomplete information about Plaintiff.

76.    Plaintiff has suffered damages as a result of the incorrect reporting and Trans Union's failure to correct the credit report pertaining to Plaintiff.

## COUNT 1
## WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT VIOLATION OF 15 U.S.C. § 1681e(b)
(against Experian)

77.    Plaintiff incorporates by reference ¶ 13-51 of this Complaint.

78.    On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

79.    Experian failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's credit report.

80.    Experian further violated 15 U.S.C. § 1681e(b) by continuing to report inaccurate, false, or incomplete information about Plaintiff, including the Subject Information, despite possessing evidence that such information was inaccurate.

81. Experian further violated 15 U.S.C. § 1681e(b) by failing to note in Plaintiff's credit report that Plaintiff disputed the accuracy of the Subject Information.

82. Experian's procedures were *per se* deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

83. Experian willfully and/or recklessly failed to comply with 15 U.S.C. §1681e(b) by: [a] failing to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] failing to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] failing to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] failing to promptly and adequately investigate information which Experian had notice was inaccurate; [e] continually placing inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [g] failing to promptly delete information that was found to be inaccurate, or could not be verified; and [h] failing to take adequate steps to verify information  had reason to believe was inaccurate before including it in the credit report of the consumer.

84. In the alternative, Experian negligently failed to comply with 15 U.S.C. § 1681e(b) by failing to exercise reasonable care in the above-described actions,

including failing to establish or follow reasonable procedures to assure maximum possible accuracy and failing to correct or delete inaccurate information after receiving Plaintiff's disputes.

85.    The appearance of the accounts on Plaintiff's credit report, namely, the information identified by Plaintiff in Plaintiff's disputes to Experian, was the direct and proximate result of Experian's willful and/or reckless, or alternatively negligent, failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

86.    The conduct, action, and inaction of Experian was willful, rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

87.    In the alternative, the conduct, action, and inaction of Experian was negligent, rendering Experian liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

88.    Plaintiff is entitled to recover reasonable attorney's fees and costs from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

89.    As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit,

emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

90.    WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

**COUNT 2**
**WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT**
**VIOLATION OF 15 U.S.C. § 1681i**
(against Experian)

91.    Plaintiff incorporates by reference ¶ 13-51 of this Complaint.

92.    On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

93.    On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review

and consider all relevant information submitted by the Plaintiff with respect to the disputed information.

94.    On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

95.    On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(c) by failing to report information identified by Plaintiff as "disputed."

96.    Experian further violated 15 U.S.C. § 1681i by failing to promptly delete information that was found to be inaccurate or could not be verified.

97.    Experian further violated 15 U.S.C. § 1681i by failing to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in Plaintiff's credit report.

98.    Experian willfully and/or recklessly failed to comply with 15 U.S.C. § 1681i by: [a] failing to conduct a reasonable reinvestigation of disputed information; [b] failing to review and consider all relevant information submitted by Plaintiff; [c] failing to delete inaccurate or unverifiable information; [d] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [e] failing to promptly and adequately investigate information which Experian had notice was inaccurate; [f] continually placing inaccurate information into the credit report of

Plaintiff after being advised by Plaintiff that the information was inaccurate; [g] failing to promptly delete information that was found to be inaccurate or could not be verified; and [h] failing to take adequate steps to verify information Experian had reason to believe was inaccurate.

99. In the alternative, Experian negligently failed to comply with 15 U.S.C. § 1681i by failing to exercise reasonable care in the above-described actions, including failing to conduct a reasonable reinvestigation, failing to review relevant information, failing to record information identified by Plaintiff as disputed, and failing to delete or correct inaccurate information after receiving Plaintiff's disputes.

100. The conduct, action, and inaction of Experian was willful, rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

101. In the alternative, the conduct, action, and inaction of Experian was negligent, rendering Experian liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

102. Plaintiff is entitled to recover reasonable attorney's fees and costs from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

103. As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit,

emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

104. WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

**COUNT 3**
**WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT**
**VIOLATION OF 15 U.S.C. § 1681g(a)**
(against Experian)

105. Plaintiff incorporates by reference ¶ 13-51 of this Complaint.

106. On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681g(a) by failing to provide Plaintiff with a copy of Plaintiff's credit report, despite Plaintiff's multiple requests accompanied by proper identification.

107. Experian willfully and/or recklessly failed to comply with 15 U.S.C. § 1681g(a) by repeatedly refusing to provide Plaintiff's credit report, despite receiving

sufficient identification and requests, thereby causing Plaintiff to waste time and incur postage costs in making repeated requests.

108. In the alternative, Experian negligently failed to comply with 15 U.S.C. § 1681g(a) by failing to exercise reasonable care in processing Plaintiff's requests for a credit report and failing to provide the report as required.

109. The conduct, action, and inaction of Experian was willful, rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

110. In the alternative, the conduct, action, and inaction of Experian was negligent, rendering Experian liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

111. Plaintiff is entitled to recover reasonable attorney's fees and costs from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

112. As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial, as well as the expenditure of time and postage costs in making repeated requests for the credit report.

113.    WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

**COUNT 4**
**WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT**
**VIOLATION OF 15 U.S.C. § 1681c-2(a)**
(against Experian)

114.    Plaintiff incorporates by reference ¶ 8-36 of this Complaint.

115.    On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681c-2(a) by failing to block the reporting of the Subject Information identified by Plaintiff as resulting from identity theft, despite receiving a copy of a Federal Trade Commission Identity Theft Report.

116.    Experian willfully and/or recklessly failed to comply with 15 U.S.C. § 1681c-2(a) by refusing to block the Subject Information related to identity theft within four business days of receiving Plaintiff's request and supporting

documentation, despite clear evidence that the information resulted from identity theft.

117.   In the alternative, Experian negligently failed to comply with 15 U.S.C. § 1681c-2(a) by failing to exercise reasonable care in processing Plaintiff's request to block identity theft-related information and failing to block such information as required.

118.   The conduct, action, and inaction of Experian was willful, rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

119.   In the alternative, the conduct, action, and inaction of Experian was negligent, rendering Experian liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

120.   Plaintiff is entitled to recover reasonable attorney's fees and costs from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

121.   As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial, as well as the expenditure of time and resources in addressing the continued reporting of identity theft-related information.

122. WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

**COUNT 5**
**WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT**
**VIOLATION OF 15 U.S.C. § 1681e(b)**
(against Equifax)

123. Plaintiff incorporates by reference ¶¶ 13-21, 52-81 of this Complaint.

124. On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

125. Equifax failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when

reinvestigating Plaintiff's disputes of the information contained in Plaintiff's credit report.

126. Equifax further violated 15 U.S.C. § 1681e(b) by continuing to report inaccurate, false, or incomplete information about Plaintiff, including the Subject Information, despite possessing evidence that such information was inaccurate.

127. Equifax further violated 15 U.S.C. § 1681e(b) by failing to note in Plaintiff's credit report that Plaintiff disputed the accuracy of the Subject Information.

128. Equifax's procedures were *per se* deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

129. Equifax willfully and/or recklessly failed to comply with 15 U.S.C. §1681e(b) by: [a] failing to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] failing to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] failing to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] failing to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] continually placing inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [g] failing to promptly delete

information that was found to be inaccurate, or could not be verified; and [h] failing to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

130. In the alternative, Equifax negligently failed to comply with 15 U.S.C. § 1681e(b) by failing to exercise reasonable care in the above-described actions, including failing to establish or follow reasonable procedures to assure maximum possible accuracy and failing to correct or delete inaccurate information after receiving Plaintiff's disputes.

131. The appearance of the accounts on Plaintiff's credit report, namely, the information identified by Plaintiff in Plaintiff's disputes to Equifax, was the direct and proximate result of Equifax's willful and/or reckless, or alternatively negligent, failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

132. The conduct, action, and inaction of Equifax was willful, rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

133. In the alternative, the conduct, action, and inaction of Equifax was negligent, rendering Equifax liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

134.  Plaintiff is entitled to recover reasonable attorney's fees and costs from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

135.  As a result of the conduct, action, and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

136.  WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

**COUNT 6**
**WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT**
**VIOLATION OF 15 U.S.C. § 1681i**
(against Equifax)

137.  Plaintiff incorporates by reference ¶¶ 13-21, 52-81 of this Complaint.

138.   On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

139.   On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed information.

140.   On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

141.   On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(c) by failing to report information identified by Plaintiff as "disputed."

142.   Equifax further violated 15 U.S.C. § 1681i by failing to promptly delete information that was found to be inaccurate or could not be verified.

143.   Equifax further violated 15 U.S.C. § 1681i by failing to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in Plaintiff's credit report.

144.    Equifax willfully and/or recklessly failed to comply with 15 U.S.C. § 1681i by: [a] failing to conduct a reasonable reinvestigation of disputed information;

[b] failing to review and consider all relevant information submitted by Plaintiff; [c] failing to delete inaccurate or unverifiable information; [d] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [e] failing to promptly and adequately investigate information which Equifax had notice was inaccurate; [f] continually placing inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [g] failing to promptly delete information that was found to be inaccurate or could not be verified; and [h] failing to take adequate steps to verify information Equifax had reason to believe was inaccurate.

145.   In the alternative, Equifax negligently failed to comply with 15 U.S.C. § 1681i by failing to exercise reasonable care in the above-described actions, including failing to conduct a reasonable reinvestigation, failing to review relevant information, failing to record information identified by Plaintiff as disputed, and failing to delete or correct inaccurate information after receiving Plaintiff's disputes.

146.   The conduct, action, and inaction of Equifax was willful, rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

147.   In the alternative, the conduct, action, and inaction of Equifax was negligent, rendering Equifax liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

148.   Plaintiff is entitled to recover reasonable attorney's fees and costs from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

149.   As a result of the conduct, action, and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

150.   WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

## COUNT 7
## WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT VIOLATION OF 15 U.S.C. § 1681g(a)
(against Equifax)

151.   Plaintiff incorporates by reference ¶¶ 13-21, 52-81 of this Complaint.

152. On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681g(a) by failing to provide Plaintiff with a copy of Plaintiff's credit report, despite Plaintiff's multiple requests accompanied by proper identification.

153. Equifax willfully and/or recklessly failed to comply with 15 U.S.C. § 1681g(a) by repeatedly refusing to provide Plaintiff's credit report, despite receiving sufficient identification and requests, thereby causing Plaintiff to waste time and incur postage costs in making repeated requests.

154. In the alternative, Equifax negligently failed to comply with 15 U.S.C. § 1681g(a) by failing to exercise reasonable care in processing Plaintiff's requests for a credit report and failing to provide the report as required.

155. The conduct, action, and inaction of Equifax was willful, rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

156. In the alternative, the conduct, action, and inaction of Equifax was negligent, rendering Equifax liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

157. Plaintiff is entitled to recover reasonable attorney's fees and costs from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

158.   As a result of the conduct, action, and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial, as well as the expenditure of time and postage costs in making repeated requests for the credit report.

159.   WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

**COUNT 8**
**WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT**
**VIOLATION OF 15 U.S.C. § 1681c-2(a)**
(against Equifax)

160.   Plaintiff incorporates by reference ¶ 8-36 of this Complaint.

161.   On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681c-2(a) by failing to block the

reporting of the Subject Information identified by Plaintiff as resulting from identity theft, despite receiving a copy of a Federal Trade Commission Identity Theft Report.

162.   Equifax willfully and/or recklessly failed to comply with 15 U.S.C. § 1681c-2(a) by refusing to block the Subject Information related to identity theft within four business days of receiving Plaintiff's request and supporting documentation, despite clear evidence that the information resulted from identity theft.

163.   In the alternative, Equifax negligently failed to comply with 15 U.S.C. § 1681c-2(a) by failing to exercise reasonable care in processing Plaintiff's request to block identity theft-related information and failing to block such information as required.

164.   The conduct, action, and inaction of Equifax was willful, rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

165.   In the alternative, the conduct, action, and inaction of Equifax was negligent, rendering Equifax liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

166.   Plaintiff is entitled to recover reasonable attorney's fees and costs from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

167. As a result of the conduct, action, and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial, as well as the expenditure of time and resources in addressing the continued reporting of identity theft-related information.

168. WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

### COUNT 9
### WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT
### VIOLATION OF 15 U.S.C. § 1681e(b)
(against Trans Union)

169. Plaintiff incorporates by reference ¶¶ 13-21, 82-111 of this Complaint.

170. On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit reports and credit files published and maintained concerning Plaintiff.

171. Trans Union failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's credit report.

172. Trans Union further violated 15 U.S.C. § 1681e(b) by continuing to report inaccurate, false, or incomplete information about Plaintiff, including the Subject Information, despite possessing evidence that such information was inaccurate.

173. Trans Union further violated 15 U.S.C. § 1681e(b) by failing to note in Plaintiff's credit report that Plaintiff disputed the accuracy of the Subject Information.

174. Trans Union's procedures were *per se* deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

175. Trans Union willfully and/or recklessly failed to comply with 15 U.S.C. §1681e(b) by: [a] failing to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] failing to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c]

failing to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] failing to promptly and adequately investigate information which Trans Union had notice was inaccurate; [e] continually placing inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [g] failing to promptly delete information that was found to be inaccurate, or could not be verified; and [h] failing to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

176.    In the alternative, Trans Union negligently failed to comply with 15 U.S.C. § 1681e(b) by failing to exercise reasonable care in the above-described actions, including failing to establish or follow reasonable procedures to assure maximum possible accuracy and failing to correct or delete inaccurate information after receiving Plaintiff's disputes.

177.    The appearance of the accounts on Plaintiff's credit report, namely, the information identified by Plaintiff in Plaintiff's disputes to Trans Union, was the direct and proximate result of Trans Union's willful and/or reckless, or alternatively negligent, failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

178.   The conduct, action, and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

179.   In the alternative, the conduct, action, and inaction of Trans Union was negligent, rendering Trans Union liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

180.   Plaintiff is entitled to recover reasonable attorney's fees and costs from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

181.   As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

182.   WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and §

1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

## COUNT 10
### WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT VIOLATION OF 15 U.S.C. § 1681i
(against Trans Union)

183. Plaintiff incorporates by reference ¶¶ 13-21, 82-111 of this Complaint.

184. On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

185. On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed information.

186. On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

187. On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(c) by failing to report information identified by Plaintiff as "disputed."

188. Trans Union further violated 15 U.S.C. § 1681i by failing to promptly delete information that was found to be inaccurate or could not be verified.

189. Trans Union further violated 15 U.S.C. § 1681i by failing to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in Plaintiff's credit report.

190. Trans Union willfully and/or recklessly failed to comply with 15 U.S.C. § 1681i by: [a] failing to conduct a reasonable reinvestigation of disputed information; [b] failing to review and consider all relevant information submitted by Plaintiff; [c] failing to delete inaccurate or unverifiable information; [d] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [e] failing to promptly and adequately investigate information which Trans Union had notice was inaccurate; [f] continually placing inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [g] failing to promptly delete information that was found to be inaccurate or could not be verified; and [h] failing to take adequate steps to verify information Trans Union had reason to believe was inaccurate.

191. In the alternative, Trans Union negligently failed to comply with 15 U.S.C. § 1681i by failing to exercise reasonable care in the above-described actions, including failing to conduct a reasonable reinvestigation, failing to review relevant information, failing to record information identified by Plaintiff as disputed, and failing to delete or correct inaccurate information after receiving Plaintiff's disputes.

192. The conduct, action, and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

193. In the alternative, the conduct, action, and inaction of Trans Union was negligent, rendering Trans Union liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

194. Plaintiff is entitled to recover reasonable attorney's fees and costs from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

195. As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

196. WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and §

1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

## COUNT 11
## WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT VIOLATION OF 15 U.S.C. § 1681g(a)
(against Trans Union)

197.    Plaintiff incorporates by reference ¶¶ 13-21, 82-111 of this Complaint.

198.    On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681g(a) by failing to provide Plaintiff with a copy of Plaintiff's credit report, despite Plaintiff's multiple requests accompanied by proper identification.

199.    Trans Union willfully and/or recklessly failed to comply with 15 U.S.C. § 1681g(a) by repeatedly refusing to provide Plaintiff's credit report, despite receiving sufficient identification and requests, thereby causing Plaintiff to waste time and incur postage costs in making repeated requests.

200.    In the alternative, Trans Union negligently failed to comply with 15 U.S.C. § 1681g(a) by failing to exercise reasonable care in processing Plaintiff's requests for a credit report and failing to provide the report as required.

201.    The conduct, action, and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

202.   In the alternative, the conduct, action, and inaction of Trans Union was negligent, rendering Trans Union liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

203.   Plaintiff is entitled to recover reasonable attorney's fees and costs from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

204.   As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial, as well as the expenditure of time and postage costs in making repeated requests for the credit report.

205.   WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

## COUNT 12
## WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT VIOLATION OF 15 U.S.C. § 1681c-2(a)
(against Trans Union)

206.   Plaintiff incorporates by reference ¶ 8-36 of this Complaint.

207.   On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681c-2(a) by failing to block the reporting of the Subject Information identified by Plaintiff as resulting from identity theft, despite receiving a copy of a Federal Trade Commission Identity Theft Report.

208.   Trans Union willfully and/or recklessly failed to comply with 15 U.S.C. § 1681c-2(a) by refusing to block the Subject Information related to identity theft within four business days of receiving Plaintiff's request and supporting documentation, despite clear evidence that the information resulted from identity theft.

209.   In the alternative, Trans Union negligently failed to comply with 15 U.S.C. § 1681c-2(a) by failing to exercise reasonable care in processing Plaintiff's request to block identity theft-related information and failing to block such information as required.

210.   The conduct, action, and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

211.    In the alternative, the conduct, action, and inaction of Trans Union was negligent, rendering Trans Union liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

212.    Plaintiff is entitled to recover reasonable attorney's fees and costs from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

213.    As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial, as well as the expenditure of time and resources in addressing the continued reporting of identity theft-related information.

214.    WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

DATED: April 21, 2026

Respectfully Submitted,

 /s/ Talal Rashid                                    .
**TALAL RASHID, ESQ.**
Florida Bar No. 1010307
E-mail:   Talal@pzlg.legal
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail:   Tom@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street 17th Floor
Fort Lauderdale, Florida 33301
Phone:    305-332-6201


*COUNSEL FOR PLAINTIFF*